## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### OCALA DIVISION

**COLLEEN SCALA,**

      **Plaintiff,**

**v.**                          **Case No.  5:21-cv-210-ACC-PRL**

**EISAI, INC. and ARENA**
**PHARMACEUTICALS, INC.,**

      **Defendants.**

_____

### ORDER

This cause comes before the Court on the parties' Joint Motion to Stay Proceedings. (Doc. 81). Plaintiff Colleen Scala sued Defendants Eisai, Inc. and Arena Pharmaceuticals, Inc. on April 14, 2021. (Doc. 1). She claims Defendants designed, researched, manufactured, tested, advertised, marketed, and distributed a prescription weight-loss medication—Belviq—that caused her to develop cancer. (Doc. 29 ¶¶ 10–16, 46–50). As a result, Scala brought claims against Defendants for negligence based on Belviq's defective design, Defendants' failure to warn about the risk of cancer, and Defendants' concealment of information. (*Id.* at ¶¶ 57, 71, 85). She also brought a claim against Eisai for negligent misrepresentation that has since been dismissed. (Doc. 66 at 8).

On May 5, 2022, the parties jointly moved to stay these proceedings. (Doc. 81). The parties state that they are engaged in global settlement negotiations related

to this case, along with other cases pending in various state and federal courts. (*Id.* at 1). To conserve the Court's time, efforts, and resources, the parties seek a four-month stay—until August 31, 2022—while they work to resolve this case. (*Id.*).

The power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants*." Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court, therefore, has broad discretionary authority in determining whether a stay is appropriate*. CTI–Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). That determination turns on four factors: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. *Ring v. City of Gulfport*, No. 8:20-cv-593-T-33CPT, 2020 WL 3895435, at *2 (M.D. Fla. July 10, 2020) (quoting *Warren v. Cook Sales, Inc.*, No.  15-cv-0603-WS-M, 2016 WL 10807227, at *1 (S.D. Ala. Mar. 10, 2016)).

Based on the factors above, the Court finds that a stay is appropriate to promote judicial economy. This case is at an early stage—five months of discovery remain, and the trial term is nearly a year away. (Doc. 54 at 2). There is no evidence that a stay will prejudice or disadvantage a non-moving party because all parties

joined the Motion. And a stay will reduce the burden on the parties and the Court by mitigating the costs of discovery and avoiding motion practice.

Based on the foregoing, it is ordered as follows:

1. The parties' Joint Motion to Stay Proceedings (Doc. 81) is **GRANTED**. The case is **STAYED** until August 31, 2022.

2. The parties **SHALL** file a status report no later than September 7, 2022, documenting the outcome of their settlement negotiations.

3. The Clerk is **DIRECTED** to terminate any pending motions or deadlines and **ADMINISTRATIVELY CLOSE** the file.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 6, 2022

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record